MoKiNNEV, J.,
delivered tbe opinion of tbe court.
Tbe plaintiff in error, was sued in covenant, upon a guarwnty. Verdict and judgment were rendered against him, and an appeal in error lias been prosecuted to tbis *122 court. The instrument of guaranty was executed on the 26tb of January, 1849. It is under seal, and is in the following words:
“ I do hereby gua/ramty the payment of any contract that Sam. Lanier may make for the hire of negroes, during the year 1849, to be used at luis iron works, or any iron works in which he may be interested in Decatur or Perry county, Tennessee.”
It appears that, on the 29th of January, 1849, three days after the date of said guaranty, Crawford, the defendant in error, by his agent, McNeil, hired to Lanier six negro men, for. the year 1849. The contract was made through Lanier’s agent, James A. Palls, w'ho, at the time, executed the following note.
“ $690. On or before the 25th of December next, we, or either of us, promise to pay John W. Crawford six hundred and ninety dollars, for the hire of Jim, Squire, Tom, Henry, Nathan and Isaac, from now until that time; and further agree to let said boys come home twice during the year, and furnish them the usual clothing customary at iron works. Sam’l B. LaNiee,
“per JaMes A. Pauls.”
Under which note was written the following memorandum.
“ The understanding is, that A. W. Vanleer is to sign the above note with Lanier; and should he not do so, the boys may be taken back at any time, and payment at the same rates from now until they return home, to be made.
“January 29th, 1849. Sah. B. LaNiee,
“per James A. Falls.”
The proof shows that at the time of making this contract, the guaranty had not been received by Palls, the *123 agent of Lanier; but be gave assurance that Yanleer would become bound for the hire. And on the same day the contract of hiring was entered into, McNeil, Crawford’s agent, addressed a letter to Yanleer, informing him, that he had hired to Ealls, for Lanier, six negro men, belonging to Crawford, for six hundred and ninety dollars, due the 25th December, following, on condition that he, Yanleer, should become bound as security, for the payment of the same. To which letter Yanleer returned the following answer, dated Nashville, February 5th, 1849. “I have given. Mr. Sam’l B. Lanier my written guaranty, for the hire of all the negroes he may need at his furnace during the year 1849. The negroes alluded to in your favor of the 29th ult., will, of course, be embraced. You may consider me as bound for the hire of them.”
It appears from the proof, that only three of the six negroes hired from Crawford, were received into the service of Lanier, during the year, 1849.
The bill of exceptions exhibits the copy of a bill in equity, filed by Yanleer, on the 24th of April, 1849, in which he admits his liability for the hire of negroes, employed by Lanier at his iron works establishment, for that year.
The present action is founded upon the foregoing guaranty, to recover the hire of three slaves in Lanier’s employ during the year 1849.
The plaintiff’s right to recover is resisted on the ground, among others, of failure to give notice of his acceptance of the guaranty, to the defendant. On this point, the cases present no little diversity of opinion. It seems to be admitted on all hands, that if the instrument does not express an absolute engagement, but *124 merely a proposal, or offer to guaranty, the contract is not complete, until tbe party to whom the proposal has been made, has signified his acceptance of it. But as respects an absolute guaranty, the authorities are at variance as to the necessity of notice of acceptance. The supreme court of the United States seems to have established the doctrine, and it has been followed by the courts of most of the States, in which the subject has come under discussion, that the liability of a guarantor depends upon principles analagous to those which apply to an endorser. And .the .necessity of notice, either as respects the acceptance of the guaranty, or of the default of the principal to perform his agreement, is treated as an obligation of commercial, rather than of common law. On the other hand, it is held, and by American, as well as English authorities, that an absolute present guaranty, complete in its terms, and fixing the liability of the guarantor, takes effect as soon as it is made and acted upon. 2 Bouv. Inst., 56; American Leading Cases, 2 vol., 33 to 101, where the cases are collected.
Eor the decision of the case under consideration, it is not necessary that we should declare on which side, in our opinion, the weight of reason or authority lies; as we think, upon the peculiar facts of this case, the decision may be safely placed upon principles free from all controversy.
It may be observed, however, that if the case depended alone, upon the original guaranty of the 26th of January, 1849, which was enclosed in a letter from the plaintiff in error, to Lanier, it might be very plausibly maintained, upon the construction of that instrument, that any person who hired slaves to Lanier pursuant to *125 its terms, and upon its faith, might support an action against the guarantor, without showing anything more than simply, that he had acted under it.
But the case does not rest alone upon the original guaranty. The correspondence between the respective agents of the parties before mentioned, has a most important influence upon its determination.
Yanleer was fully informed of the contract that had been agreed on between Crawford and Lanier, and the precise terms thereof: that six negroes had been hired by the former, to the latter,- for the year 1849, for six hundred and ninety dollars, payable on the 25th of December of that year, and that this agreement was dependent upon the condition that he, Yanleer, would become security for the payment of the money, for which Lanier’s note had been taken. To this Yanleer replied, tacitly declining to become security in the mode indicated, that is, by signing the note made by Lanier; but saying to the plaintiff: “I have given Sam’l B. Lanier my written guaranty, for the hire of all the negroes he may need at his furnace during the year 1849. The negroes alluded to in your favor of the 29th ult., will, of com’se, be embraced; you may consider me loumd for them? The effect of this letter, aside from the consideration that it is of itself perhaps, a suflicient guaranty, is to apply the guaranty,- previously given, to this particular case, and places the liability of the guarantor upon precisely the same ground as if he had been present when the agreement between Crawford and Lanier was made, and had assented to be held bound thereby, upon his guaranty; or, as if he had then given the guaranty with reference to that particular contract of hiring. ITis subsequent assent, so far *126 as regards the matter of notice of acceptance of the guaranty, is equivalent to a previous request, or an assent contemporaneous with the contract. Li this view, the case steers clear of the conflict of authority in relation to the question of notice of acceptance. And perhaps, if necessary, the case might be placed upon another ground, clear of that question; namely, that construing the guaranty in .connection with Yanleer’s letter to the plaintiff, his undertaking might be regarded rather as in the nature of an original undertaking on his own part, to be bound for the hire of the negroes, than as a collateral or secondary liability for Lanier. But upon the facts of this case, the question as to notice of acceptance of the guaranty, is unimportant, after verdict, as upon the proof, more especially Yanleer’s admission in his bill, the Jury were well warranted in the conclusion that he had notice of the acceptance, and of the contract between the plaintiff and Lanier on the faith thereof.
The objection that the contract guaranteed by Yanleer was for six slaves, and that but three, of them were in fact received into the service of Lanier, cannot, in any aspect of the case, avail him. "Why all the six slaves did not go into Lanier’s service, does not appear, nor is it at all important to inquire, so far as respects the liability of Yanleer in the present case. The number of the negroes hired, was not of the essence of Yanleer’s liability. He bound himself for all the negroes Lanier might need at his iron works; and it is not for him to make the objection, that the liability to which he is sought to be subjected in the present case, is less than by his specific undertaking, he had stipulated for. The converse of this position might present a more seri- *127 oils question. Tbe assumption upon which, this objection is founded, namely, that a new contract was entered into between the plaintiff and Lanier, for the hire of the three negroes, to which neither the guaranty, or letter of Yanleer, had reference, has no- foundation to rest upon in the proof.
There is no error in the judgment,. and it is affirmed..